UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

MANUEL DE LA CRUZ a/k/a EMANUEL
DELACRUZ a/k/a MANUEL DELACRUZ
a/k/a MANNY DELACRUZ and all other
persons similarly situated,

              Plaintiffs,

              v.

NEW YOU BARIATRIC GROUP, LLC,
and LONG ISLAND MINIMALLY
INVASIVE SURGERY, P.C.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 1:23-cv-06405-PAE-KHP

 

**PLAINTIFFS' SUR REPLY MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS'REPLY MOTION TO DISMISS AND FOR SUMMARY JUDGMENT
AND IN SUPPORT OF <u>PLAINTIFFS' CROSS-MOTION FOR SUMMARY
JUDGMENT</u>**

**GOTTLIEB & ASSOCIATES PLLC**
Jeffrey M. Gottlieb, Esq.
Dana L. Gottlieb, Esq.
Michael A. LaBollita, Esq.
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284
Jeffrey@Gottlieb.legal
Dana@Gottlieb.legal
Michael@Gottlieb.legal

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

I.    INTRODUCTION
II.   STATEMENT OF FACTS
III.  PLAINTIFF HAS DEMONSTRATED A CONCRETE PARTICULARIZED AND FORWARD LOOKING INJURY-IN-FACT
IV.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANTS AS A MATTER OF LAW DUE TO AN INACCESSIBLE WEBSITE AND LACK OF REASONABLE ACCOMMODATION
V.    CONCLUSION

**TABLE OF AUTHORITIES**

**CASES**

*Angeles v. Grace Products*, 20-cv-10167 (AJN) (RWL) (S.D.N.Y. Sept. 23, 2021)

*Delacruz v. Jamba Juice Co.*, 2020 WL 3250392 (S.D.N.Y. 2020)

*Dominguez v. Banana Republic*, 613 F. Supp. 3d 759 (S.D.N.Y. 2020)

*Martinez v. Pure Green NYC Wholesale Corp.*, No. 1:23-cv-4247-NRM-MMH (E.D.N.Y. Mar. 30, 2025)

*Paguada v. Yieldstreet*, No. 1:20-cv-9254-LGS (S.D.N.Y. Oct. 20, 2021)

*Tavarez v. Moo Organic Chocolates*, 641 F. Supp. 3d 76 (S.D.N.Y. 2022)

*Thurston v. Midvale Corp.*, Superior Court of CA, County of Los Angeles, BC663214 (May 21, 2018)

*Velazquez v. The Spice and Tea Exchange*, No. 22-cv-7535 (PGG) (RWL) (S.D.N.Y. Dec. 3, 2024)

*Weekes v. The Outdoor Gear Exchange, Inc.*, 22-cv-1283 (ER) (S.D.N.Y. Mar. 16, 2023)

**STATUTES**

28 C.F.R. § 36.302(a)

28 C.F.R. § 36.303(c)(1)

28 C.F.R. § 36.303(c)(ii)

28 U.S.C. § 1746

42 U.S.C. § 12182

# INDEX OF EXHIBITS

**Exhibit AA**    Photos Of Plaintiff Without Prosthetic Eyes and Photo of Actual Prosthetic Eyes

**Exhibit BB**    Affirmation of Plaintiff Manuel Delacruz

**Exhibit CC**    Affirmation of Attorney Jeffrey M. Gottlieb

**Exhibit DD**    Thurston v. Midvale Corp. Superior Court of CA, County of Los Angeles, BC663214 (5/21/18)

**Exhibit EE**    Affirmation of Accessibility Expert Michael McCaffrey

**Exhibit FF**    New York State DMV Identification Card of Plaintiff Manuel Delacruz

**Exhibit GG**    Passport of Plaintiff Manuel Delacruz

## I.    INTRODUCTION

Defendants' Reply Memorandum is a "day late and a dollar short" within the meaning of that idiom both literally and figuratively. Defendants' deadline for filing its Memo was May 30, 2025 by Your Honor's Order dated March 26, 2025 (Dkt. 51). Defendants violated this Order and filed its Memo on May 31. This late filing, without approval of the Court or consent of Plaintiffs, should deem the Memo null and void. Defendants' Memo is too late and too little.

Plaintiff has shown by a preponderance of credible evidence that he has two prosthetic eyes and is blind. Plaintiffs and Defendants both seek Summary Judgment in this ADA website case. Defendants have attempted to manufacture issues of fact that do not exist in order to defeat Summary Judgment on behalf of the Plaintiffs. Defendants have attached numerous photos to their Memo and Reply Memo that show a person with the same name as the Plaintiff (Manuel Delacruz) operating a motor vehicle and being employed as an MTA mechanic (Dkts. 59, at 3-5). The only problem with Defendants' "evidence" is that their photos are not of the Plaintiffs. As shown in Plaintiff's Memorandum in Opposition and as further set forth herein by clear and convincing evidence, Defendants' photos are <u>not</u> photos of the Plaintiff no matter how many photos Defendants have produced. To unequivocally refute Defendants' baseless assertions, attached are photos of the Plaintiff taken several days ago without his prosthetic eyes Ex. "AA". These photos were taken at great embarrassment and humiliation to the Plaintiff, however, Mr. Delacruz was so distraught by Defendants preposterous continued claims that he is sighted that he agreed to be photographed in that condition to conclusively demonstrate his blindness.

Among other issues, Defendants also challenge the validity of Plaintiff's declaration (Dkt. 57-4), arguing it lacks a Certificate of Translation. This argument is unfounded. While one of Plaintiff's medical examinations was conducted in Spanish (Dkt. 57-9), Plaintiff is bilingual and fluent in both English and Spanish (Delacruz Aff. Ex. "BB"; Gottlieb Aff. Ex. "CC").

1

Furthermore, Defendants have failed to rebut the medical records and declaration of Dr. Marie Christine Panganiban (Dkt. 57-8), a respected ophthalmologist who unequivocally states that Plaintiff is blind and possesses two prosthetic eyes. Plaintiff has also provided additional corroborative evidence of his disability. Defendants' reliance on misleading photographs and employment records of an individual with a similar name is not only deceptive but also sanctionable. Such tactics underscore the absence of a substantive defense and highlight the frivolous nature of their arguments.

## II.    STATEMENT OF FACTS

The Plaintiff has previously substantiated his blindness through clear, convincing, and admissible evidence, including the First Amended Complaint (Dkt. 18 at 2, 18, 41), his declaration (Dkt. 57-4), and Dr. Panganiban's declaration and medical records (Dkt. 57-9). Additional affirmations submitted herewith as Ex. "BB" and "CC" further affirm Plaintiff's blindness.

Defendants contend that a blind individual does not require sunglasses (Dkt. 59, at 2) and point to a photograph of Plaintiff wearing sunglasses. While it is accurate that sunglasses are not medically necessary for blind individuals, Plaintiff wears them cosmetically to conceal his prosthetic eyes (Delacruz Aff., Ex. "BB"). Defendants' attempt to use this as evidence of sightedness is unsubstantiated, ***shocking*** and fails to counter the substantial evidence of Plaintiff's disability.

Defendants' assertion that Plaintiff operates a motor vehicle (Dkt. 59, at 7) is equally unfounded, relying on photographs of an individual who is not Plaintiff.

Defendants further contend that the Plaintiff was employed as a mechanic at the MTA and has children and a paramour (id.). No matter how many photos and/or videos that the

2

Defendants submit and use as a basis for their fake claims, the fact remains these photos are not of the Plaintiff. If the Court has any doubt whatsoever as to the real identity of the Plaintiff, he would be willing to come to the Court and the Court would easily determine that the Defendants' photos are not of the Plaintiff and the Plaintiff has two prosthetic eyes.

Defendants also reference a telephone number found on Facebook and a TransUnion Report (Dkt. 59, at 4), alleging it belongs to Plaintiff. This number does not and has never belonged to Plaintiff (Delacruz Aff., Ex. "BB"). It is plausible that this number is associated with another individual named Manuel Delacruz, further highlighting Defendants' conflation of identities.

### III.    PLAINTIFF HAS DEMONSTRATED A CONCRETE PARTICULARIZED AND FORWARD LOOKING INJURY-IN-FACT

Defendants' arguments, referencing other complaints filed by Plaintiff's counsel that were dismissed (Dkt. 59, at 5-6), are inapposite. The cases cited are distinguishable, often involving gift card issues rather than website accessibility. For instance, *Delacruz v. Jamba Juice Co.*, 2020 WL 3250392 (S.D.N.Y. 2020), is not analogous to the present matter and Defendants have failed to find any facts in these other cases that have any relevance to the case at bar.

In the instant case, Plaintiff has visited the Website three times in order to try and purchase a meal replacement shake (Dkt. 18, FAC 42, 43) because they taste great and are nutritional and since he is blind, they would be easy for him to use instead of having to cook a meal (Dkt. 57-4, Delacruz Decl., para. 8). The Delacruz facts are very similar to the facts alleged in *Martinez v. Pure Green NYC Wholesale Corp.*, 1:23-cv-4247-NRM-MMH (EDNY, 3/30/25, Dkt. 26). In *Martinez*, Judge Morrison found that Plaintiff sufficiently pled 'his intent to return to use Defendant's services, both because he has tried to use Defendant's website several times and because of his proximity to one of Defendant's stores'." Id., at 6.

3

The Defendant in *Martinez* also utilized accessiBe. Michael McCaffrey, Plaintiff's expert

herein, also performed an audit of the Defendant's website:

> "Here, Defendant has not met its 'formidable burden' that its actions have completely and irrevocably eradicated the effects of the alleged violations. Although Defendant's CEO claims that he has reviewed the alleged deficiencies, he does not identify any of Plaintiff's issues with trying to buy a product from Defendant's website. Moreover, he relies on an audit report from accessiBe that is dated before Plaintiff filed the Complaint, and the report 'does not identify the qualifications of the auditor, does not explain the methodology used, and does not explain the basis for its conclusion.' *Velazquez*, 2024 WL 4950065, at *5. Plaintiff's expert and Plaintiff himself have demonstrated specific ways in which the website is still inaccessible to blind people. McCaffrey Aff. ¶¶ 7–8; Pl.'s Decl. ¶¶ 8–10. In fact, Plaintiff still cannot purchase products from Defendant's website. Pl.'s Decl. 8. Instead of responding to Plaintiff's examples of how the website is inaccessible to Plaintiff and others like him, Defendant argues that the Court should ignore Plaintiff's expert and Plaintiff's own declaration, and only rely on Franklin's affidavit. Def. Reply at 6-7.

> Given the dispute as to whether the identified barriers still exist and Defendant's failure in identifying which barriers it has allegedly fixed or the date that it fixed them, Defendant has not met its 'formidable burden' of making it 'absolutely clear' that the allegedly wrongful behavior has ceased." Citations omitted. Id., at 13-14.

*Martinez* is on all-fours with the present case and is eerily similar. Martinez is

blind and was unable to purchase a nutrient-dense juice and smoothies which the

Defendant sold in its physical stores and online for delivery. He was unable to complete

the online purchase due to barriers on the website. Martinez identified barriers in the

same manner that Delacruz identified them in the FAC (Dkt. 18, passim), Declacruz Decl.

(Dkt. 57-4, at 8-9).

ADASure Audit (Dkt. 57-5), McCaffrey Decl. (Dkt. 57-6), PowerMapper Audit

(Dkt. 57-7).

Judge Morrison found that Martinez had standing and sufficiently pled an intent

to return to the website. She also found that the number of website cases brought by the

Plaintiff does not mean that the Plaintiff lacks standing or has not suffered an injury in

4

fact. Id., at 6. Judge Morrison also found that the Plaintiff and McCaffrey, through their respective declarations demonstrated the website to be inaccessible to blind persons. Id., at   14.

The Plaintiff has demonstrated how he became aware of the Defendant because of their constant advertising on television (Delacruz Decl., Dkt. 57-4,   8). He further stated the reasons why he wanted to purchase meal replacement shakes – they are tasty and nutritious and it saves him from cooking a meal. Id.

Similarly, in *Tavarez v. Moo Organic Chocolates*, 641 F. Supp. 3d 76 (S.D.N.Y. 2022), Judge Caproni found that allegations of multiple website visits and ongoing accessibility barriers were sufficient to establish standing. The court noted:

"It is reasonable to infer that this discriminatory treatment will continue because Plaintiff had visited Defendant's website on three occasions, and its accessibility barriers have not been addressed…" Id., at 7.

In *Paguada v. Yieldstreet*, 1:20-cv-9254-LGS (10/20/21, Dkt. 29), Judge Schofield held that similar allegations support standing and it was also reasonable to infer that the discriminatory treatment would continue. Id., at 5 and 8.

Defendant cites 28 C.F.R. § 36.302(a) for the proposition that a place of public accommodation is required to afford the same goods and services to disabled individuals. (Def. Memo.) (Dkt. 59, at 13). Defendant goes on to cite the various alternatives for effective communication based upon *Dominguez v. Banana Republic*, 613 F. Supp. 3d 759, 762 (SDNY, 2020). There is a crucial distinction between *Dominguez* and the instant case; the former is a gift card case and latter is a website case.

5

Defendant argues that Plaintiff's injuries were self-inflicted because he failed to call Defendant's Accessibility Manager for more information. Memo, id., at 14. The ADA mandates "fair and equal enjoinment" for disabled persons. § 12182(b)(2)(A)(iii) and that effective communication is required 28.C.F.R. § 36.303(c)(1). Defendant failed to show how an "Accessibility Manager" would be able to effectively communicate with Mr. Delacruz when he is unable to read the screen or if he attempted to purchase a product during non-business hours. *See, Weekes v. The Outdoor Gear Exchange, Inc.* 22-cv-1283 (ER) (3/16/2023) (Dkt. 37, at 5). Judge Ramos also noted many other cases decided in the S.D.N.Y that supported standing with similar allegations to the ones herein. *See also, Thurston v. Midvale Corp.* Superior Court of CA, County of Los Angeles, BC663214 (5/21/18) attached as Ex. "DD". The Court held that a phone number on an inaccessible website "does not provide full and equal enjoyment of Defendant's website (42 U.S.C. § 12182[a]), but rather imposes a burden on the visually impaired to wait for a response via email or call during business hours rather than have access via Defendant's website as other sighted customers. Thus, the email and telephone options do not provide effective communication 'in a timely manner' nor do they protect the independence of the visually impaired. (28 C.F.R. §36.303(c)(ii)." (Id., at 5-6)

Here the Defendants' "Accessibility Manager" has no qualifications or training and the Defendants have not demonstrated how an Accessibility Manager, available only during business hours, could effectively assist a blind consumer unable to read the screen or attempting to make a purchase outside of those hours.

*See also, Angeles v. Grace Products*, 20-cv-10167 (AJN) (RWL) (SDNY 9/23/21) (Dkt. 25, at 5). Judge Nathan held that "Plaintiff has plausibly alleged a concrete and

6

particularized injury when trying to access the website despite the purported existence of a telephone option."

Defendant's arguments that Delacruz is not fat nor in need of bariatric surgery is not relevant to his claim of not being able to purchase a nutrition shake.

In *Velazquez v. The Spice and Tea Exchange*, 22-cv-7535 (PGG) (RWL) (SDNY 12/3/24) (Dkt. 70). Judge Gardephe held that under 2nd Cir. precedent, the " 'deterrence' alone 'constitutes an injury' " for purposes of the ADA," (Id., at 4). Additionally, 2 visits to an inaccessible website was sufficient to infer that the discriminatory treatment would continue. Id, at 5. Likewise, Plaintiff had satisfied the "proof of an intention to return to the website" based upon the allegations therein. Mr. Delacruz has demonstrated how he heard about Defendant's website and why he wanted to purchase a specific product. Therefore, injury and standing were clearly established.

## IV.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANTS AS A MATTER OF LAW DUE TO AN INACCESSIBLE WEBSITE AND LACK OF REASONABLE ACCOMODATION

Defendants claim that the Declaration of Delacruz (Dkt. 57-4) is not admissible evidence because it fails to contain a Certificate of Translation required by 28 U.S.C. § 1746 (Def. Memo.) (Dkt. 59, at 13). Since the Plaintiff is fluent in the English language such a Certificate is not required (Delacruz Aff., Ex. "BB"; Gottlieb Aff., Ex. "CC"). Mr. Delacruz's native language is Spanish and the fact that one of his medical examinations was conducted in Spanish does not negate the fact that he is bilingual in both languages. The Facebook pages that Defendants attached to their moving papers as Ex. E and had to be translated from Spanish to English are not relevant because those Facebook pages were not posted by the Plaintiff and the person who posted them is the other "Manuel

Delacruz." Therefore, the Declaration of Delacruz must be accepted in its entirety and is not contradicted.

Defendants argue that McCaffrey's declaration is unsworn. Although McCaffrey declared it true and correct and he affirmed it, this minor deficiency was corrected by a supplemental affirmation of McCaffrey annexed hereto as Ex. "EE"., which is sworn to under the penalty of perjury. Defendants also cherry pick McCaffrey's impeccable credentials (Def. Memo) (Dkt. 59, at 14-16). McCaffrey is a member of the International Association of Accessibility Professionals and they are required to pass comprehensive and rigorous examinations prior to becoming a member (see, Handbook attached to Defs' Memo., as Ex. R (Dkt. 59-6). Credentials "include the web and other digital technologies." Id., at 19. Defendants claim that McCaffrey violated his association's credentials by evaluating the technical details of accessible solutions. This is different from auditing a website and evaluating it for compliance with WCAG. McCaffrey in his supplemental affirmation cited two cases wherein the Court found accessiBe did not render websites accessible to blind users.

Plaintiff alleges in the FAC and his Declaration that the website is inaccessible and this was supported by the ADASure Audit, the PowerMapper Audit, the McCaffrey Affirmation and his CV. Defendants have not offered any reliable evidence or any evidence in fact which contradicts the inaccessibility claims. Therefore, there is no triable issue of fact with respect to website accessibility or the lack thereof.

V.    **CONCLUSION**

Plaintiff respectfully requests this Court to deny Defendants' motions to dismiss as well as Summary Judgment and to grant Plaintiff Summary Judgment on its

cross-claims. A substantial portion of Defendants' claims are based upon the photos and Facebook pages of another person with the same name as the Plaintiff. Plaintiff's last name, Delacruz, is very common in the U.S. and it is the 458th most common surname with over 72,000 individuals having that surname according to the 2010 Census. Manuel or Emanuel are also extremely common first names, especially in the Hispanic Community. It comes as no surprise that TransUnion found another person with the same name as the Plaintiff in the New York Metropolitan Area. The problem is that Defendants improperly utilized the photos and Facebook postings as well as employment history of the other Manuel Delacruz and ascribed them to the Plaintiff.

The Plaintiff provided uncontested medical records to prove his blindness and the FAC, his Declaration, the Affirmation of the undersigned, as well as photographs taken this week of the Plaintiff without his prosthetic eyes, all support his claims of disability. This evidence requires a finding of Summary Judgment in favor of the Plaintiff on this issue as a matter of law.

Further, Plaintiff has evidenced a concrete particularized injury that supports standing under Art. III as well as a website that is non-compliant with the ADA. Accordingly, Defendants' motions should be denied in their entirety and Summary Judgment granted to Plaintiffs.

Dated: New York, New York
        June 5, 2025

GOTTLIEB & ASSOCIATES PLLC

/s/Jeffrey M. Gottlieb, Esq.
Jeffrey M. Gottlieb, Esq.

9