UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMANUEL DELACRUZ, *on behalf of himself and all other persons similarly situated,*

Plaintiff,

-v-

NEW YOU BARIATRIC GROUP, LLC *and* LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C.,

Defendants.

23 Civ. 6405 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On July 24, 2023, plaintiff Emanuel Delacruz initiated this action against defendants New You Bariatric Group, LLC and Long Island Minimally Invasive Surgery, P.C., alleging that their website, www.bariatric.stopobesityforlife.com (the "Website"), is inaccessible to blind or visually-impaired people such as Delacruz. Dkts. 1, 18 (the "First Amended Complaint" or "FAC"). Delacruz brings claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; New York State Executive Law § 296 *et seq.* ("NYSHRL"); and New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"). FAC at 28.

On March 11, 2025, defendants filed motions to dismiss for lack of jurisdiction, to dismiss the case as frivolous, for summary judgment, and for sanctions. Dkts. 31–32. On May 8, 2024, Delacruz filed a memorandum of law in opposition to these motions, and a cross-motion for summary judgment. Dkt. 57. On May 31, 2025, defendants filed a reply and opposition to the cross-motion. Dkt. 59. On June 6, 2025, Delacruz filed a reply in support of his cross-motion. Dkts. 60–61.

Before the Court is the October 28, 2025 Report and Recommendation of the Honorable Katharine H. Parker, United States Magistrate Judge. Dkt. 62 ("Report"). It makes four recommendations. First, the Report recommends dismissal for lack of subject matter jurisdiction because Delacruz lacks standing to bring his ADA claim. *Id.* at 21. Second, it recommends declining to retain jurisdiction over the remaining state-law claims. *Id.* at 21–22. Third, it recommends denying the motion for sanctions, which was based on the allegation that Delacruz is a sham plaintiff who is not legally blind, because Delacruz has adduced sufficient proof that he is blind, and because defendants have not complied with Federal Rule of Civil Procedure 11. *Id.* at 23. Fourth, it recommends denying Delacruz's cross-motion as moot. *Id.* No party has objected or otherwise responded to the Report.

For the following reasons, the Court adopts the Report's analysis to the extent it finds that the Court lacks subject matter jurisdiction and recommends denial of defendants' motion for sanctions. Based on the lack of subject matter jurisdiction, the Court dismisses Delacruz's claims without prejudice.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

2

It is a bedrock principle that federal courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdiction is "[l]imited first by the Constitution, to only the kinds of 'Cases' and 'Controversies' listed in Article III. And for all lower federal courts, limited as well by statute." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Thus, under 28 U.S.C. §§ 1331 and 1332, "federal courts exercise jurisdiction 'only when a federal question is presented, or if asserting state-law claims under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.'" *Jia v. Weee! Inc.*, No. 24 Civ. 534 (PAE), 2025 WL 486940, at *2 (S.D.N.Y. Feb. 13, 2025) (quoting *Suarez v. Marcus*, No. 20 Civ. 11051, 2021 WL 603048, at *1 (S.D.N.Y. Feb. 12, 2021)). Subject matter jurisdiction is a nonwaivable requirement, and "may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The party invoking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. *Collins v. United States*, 996 F.3d 102, 108 (2d Cir. 2021). If the Court determines that it lacks subject matter jurisdiction, it "'*must*' dismiss an action." *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 207 (2d Cir. 2024) (emphasis added) (citing Fed. R. Civ. P. 12(h)(3)).

Because no party has submitted objections to the Report, review for clear error is appropriate. As to subject matter jurisdiction, the Report found that Delacruz lacks standing to bring his ADA claim because the evidence submitted was insufficient to demonstrate his intent to return to the Website, as required for a plaintiff seeking injunctive relief under the ADA to show he has suffered an injury-in-fact. Report at 14–21. The Court adopts this well-reasoned analysis.

3

Federal question jurisdiction is thus lacking under 28 U.S.C. § 1331. There is no other viable basis for the Court to exercise subject matter jurisdiction. Diversity jurisdiction does not exist here, under 28 U.S.C. § 1332, because both Delacruz, and defendants are citizens of New York. The Court accordingly dismisses the Complaint without prejudice. *See, e.g., Katz v. Donna Karan Co.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction . . . ."). Lacking subject matter jurisdiction, the Court does not, and cannot, reach the other grounds for dismissal identified in the Report.

Because "the imposition of a Rule 11 sanction is not a judgment on the merits of an action," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 496 (1990), however, the Court can reach the Report's recommendation as to that issue. Careful review of Judge Parker's thorough and well-reasoned analysis reveals no facial error in its conclusion. The Court therefore adopts the recommendation to deny defendants' motion for sanctions.

Because the Report explicitly states that Delacruz's failure to object within 17 days, and defendants' failure to object within 14 days, "will result in a waiver of those objections for purposes of appeal," Report at 24, the parties' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

### CONCLUSION

For the reasons above, the Court dismisses, without prejudice, Delacruz's First Amended Complaint, for lack of subject matter jurisdiction, and denies defendants' motion for sanctions. The Clerk of Court is respectfully directed to terminate the motions at dockets 31 and 57, and close the case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 18, 2025
      New York, New York

5